IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIA CORBIN, administrator of the ESTATE OF JOSHUA PATTERSON 1918 W. Bristol St. Philadelphia, PA 19140 | : : : : : | CIVIL ACTION No.: TRIAL BY JURY DEMANDED |
| Plaintiff, | : : | |
| v. | : : | |
| BUCKS COUNTY 55 E. Court Street Doylestown, PA 18901 | : : : : | |
| DAVID KRATZ 55 E. Court Street Doylestown, PA 18901 | : : : : | |
| JAMES COYNE 55 E. Court Street Doylestown, PA 18901 | : : : : | |
| CARL METELLUS 55 E. Court Street Doylestown, PA 18901 | : : : : | |
| DAVID GALIONE 55 E. Court Street Doylestown, PA 18901 | : : : : | |
| KELLY REED 55 E. Court Street Doylestown, PA 18901 | : : : : | |
| JOHN DOE CORRECTIONS OFFICERS 55 E. Court Street Doylestown, PA 18901 | : : : : | |
| Defendants. | : : | |

# **COMPLAINT**

1

Plaintiff, Valeria Corbin, as the Administrator of the Estate of Joshua Patterson, by and through her attorney, Brian Zeiger, Esq., hereby alleges the following:

## PARTIES

1. Plaintiff, Valeria Corbin, the Administrator of the Estate of Joshua Patterson, is an adult individual who currently resides at 1918 W. Bristol St., Philadelphia, PA 19140.

2. Defendant Bucks County, is a Municipality in the Commonwealth of Pennsylvania doing business at 55 E. Court Street, Doylestown, PA 18901.

3. Defendants David Kratz, James Coyne, Carl Metellus, David Galione, Kelly Reed and John Does, work for the corrections department of Defendant Bucks County, are believed to be decision makers on prison policy at the Bucks County Prison at the time in question subject to the instant complaint, with a business address of 55 E. Court Street, Doylestown, PA 18901, and all being sued in both their individual and official capacities.

4. Defendants John Does are also sued as corrections officers in their individual capacity who were assigned to and working on the prison block where the decedent was housed during the time period giving rise to the instant action, with a business address of 55 E. Court Street, Doylestown, PA 18901.

5. At all times material hereto, the Defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Bucks County.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983.

7. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

**FACTUAL BACKGROUND**

8. Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

9. The decedent was an inmate at the Bucks County Prison in July of 2022.

10. The decedent died in custody at the Bucks County Correctional Facility on or about August 1, 2022.

11. The decedent died due to an overdose of narcotics.

12. In July of 2022, the decedent was supposed to be in a restrictive housing unit.

13. However, based on information and belief, the Bucks County Correctional Facility does not maintain a restrictive housing unit; instead, they housed inmates on a normal block, but restricted their movement to their own cell.

14. In July of 2022, the decedent was restricted to his own cell on a normal block.

15. In July of 2022, the block in which the decedent was housed was rampant with narcotics.

16. Based on information and belief, inmates were actively using and distributing narcotics on the block where the decedent was housed.

17. Defendant Bucks County failed to properly screen inmates before they were admitted to the prison population to ensure they were not bringing drugs into the facility.

18. Defendant Bucks County failed to properly monitor the prison to ensure that inmates were not distributing narcotics in July of 2022.

19. Defendant Bucks County failed to properly monitor the prison to ensure that inmates were not using narcotics in July of 2022.

20. As a result of Bucks County's failure to maintain a safe prison, free of narcotics, Plaintiff

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

overdosed on narcotics and died.

21. Defendants Kratz, Coyne, Metellus, Galione, Reed and Doe were decision and policy makers at the Bucks County Prison in July of 2022, responsible for the safety of inmates.

22. Defendants Kratz, Coyne, Metellus, Galione, Reed and Doe did not have proper safety protocols in place on to ensure the safety of inmates in July of 2022.

23. Defendants Correctional Officers Doe did not properly monitor the block on which the decedent was housed, to provide safety, and more specifically that narcotics were not distributed and used on the block.

24. As a direct and proximate cause of Defendants' actions and inactions, the decedent suffered immense physical injuries and death.

25. Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

26. Moreover, the decedent had death beneficiaries who will never see him again, nor will the decedent be able to provide financial support for his beneficiaries.

27. Defendant Bucks County failed to create, implement, and enforce policies, practices, and procedures to ensure that proper safety was provided to the decedent.

28. Bucks County failed to ensure corrections personnel properly enursed that narcotics were not rampant in the Bucks County Prison.

29. Bucks County failed to properly treated to check inmates in who were in restrictive housing to make sure the inmates were safe.

30. The averred mistreatment of the decedent was objectively serious—the availability and use of narcotics in custody at the Bucks County Correctional Facility is not an acceptable

practice under any circumstance.

31. The averred conduct shows the defendant subjectively ignored the risk to inmate's safety by not having better protections at the Bucks County Correctional facility to ensure narcotics were not rampant through the prison.

32. Additionally, Bucks County has been sued in recent years for deliberate indifference to care and the safety of inmates, evincing a practice, policy, and/or a de facto custom of a total lack of responsibility for the care and safety of inmates; that is; Bucks County does not care about the safety of inmates in their correctional facility and has the minimum amount of safety measures in place at the correctional facility, as evinced by the following cacophony of recent cases:

   a. In *Mubarak Alexander v. Vingless, et al.,* 21-cv-4633, Mr. Alexander was on "suicide watch", when he was assaulted by various guards. He was strapped into a restraint chair, and assaulted by two guards. He was refused medical treatment for his injuries. Later, after filing multiple grievances regarding the assault and deprivation of medical care, the warden himself met with the Plaintiff and told him to stop filing grievances about the incident.

   b. In *Adams v. Bucks County et al.*, 23-cv-1178, Plaintiff was an inmate at the Bucks County Prison when he was attacked by other inmates due to the deliberate indifference of staff at the prison, where the guards didn't intervene and help Plaintiff. Further, Mr. Adams was denied adequate medical care from the attack.

   c. In *Yarnall v. Bucks County et al.*, 16-cv-1291, Plaintiff was an inmate at the Bucks County Prison when she died from detoxing from narcotics. The Defendants were on

notice as to her drug addiction and/or medical needs, but did not provide the proper supervision and medical care for the decedent.

d. In *Wilson v. Bucks County et al.,* 23-cv-912, Plaintiff was attacked by various corrections officers at the Bucks County Prison and was denied adequate medical care for his injuries.

e. In *Covington v. Bucks County et al.,* 19-cv-3062, Plaintiff was attacked by a corrections officer at the Bucks County Prison and was denied adequate medical care for his injuries.

f. In *Deems v. Phillips et al.,* 18-cv-2035, Plaintiff was brutality attacked, thrown about his cell, and punched repeatedly by corrections officers at the Bucks County Prison.

g. In *Harbaugh v. Bucks County, et al.,* 20-1685, Plaintiff's decedent died from heroin withdrawal because Bucks County did not have adequate medical care for people with opioid addiction.

h. In *Lopez v. Bucks County*, 15-2059, Plaintiff's decedent died from heroin withdrawal because Bucks County did not have adequate medical care for people with opioid addiction who were in detox at the prison.

i. In *Adami et al v. County of Bucks, et al.*, 19-2187, Plaintiff's decedent died from heroin withdrawal because Bucks County did not have adequate medical care for people with opioid addiction who were in detox at the prison.

j. In *Poludzen v. Bucks County, et al.*, 23-505, Plaintiff fell, broke his heel, and care was delayed by approximately six weeks, which ultimately led to a more invasive surgery, and a permanent disability.

  k. In *Medzadourian v. Bucks County, et al.*, 19-4752, Plaintiff injured her back while being transported to and from court in Doylestown and the Bucks County Correctional Facility. She complained of the injury but was ignored. Over a period of at least five weeks, her condition worsened until she became paralyzed and was medevacked to a local hospital for surgery to repair her back.

33. The averred mistreatment of the decedent was objectively serious—the availability and use of narcotics in custody at the Bucks County Correctional Facility.

34. The averred conduct shows the defendant subjectively ignored the risk to inmate's safety by not having better protections at the Bucks County Correctional facility to ensure narcotics were not rampant throughout the prison.

35. Joshua Patterson, deceased, left surviving him, the following persons who are beneficiaries under the Wrongful Death Act:

  a. Elijah Reyes, a minor

  b. Jamari Reyes, a minor

  c. Loyalty Patterson, a minor

36. As a result of the conduct of the Defendants, as set forth herein, Joshua Patterson, deceased, was caused grave injuries and death resulting in the entitlement to damages by the beneficiaries under the Wrongful Death Act.

37. As a result of the conduct of Defendants, as set forth herein, Joshua Patterson, deceased, was caused grave injuries and death, resulting in the entitlement to damages by the beneficiaries under the Wrongful Death Act.

38. Plaintiff Valeria Corbin, Administrator of the Estate of Joshua Patterson, claims all

expenses recoverable under the Wrongful Death Act, including but not limited to damages for medical, funeral and burial expenses and expenses of administration necessitated by reason of the injuries causing Joshua Patterson's death.

39. On behalf of the Wrongful Death Act beneficiaries, the Co-Administrators claim damages for monetary support that the decedent would have provided to the beneficiaries during his lifetime, including but not limited to, the support provided, or which could have been expected to have been provided to the beneficiaries.

40. On behalf of the Wrongful Death Act beneficiaries, the Co-Administrators claim damages for services provided of which could have been expected to have been performed in the future.

41. On behalf of the Wrongful Death Act beneficiaries, the Co-Administrators claim damages for all pecuniary loss suffered by the beneficiaries.

42. On behalf of the Wrongful Death Act beneficiaries, the Co-Administrators claim damages for all loss of consortium, comfort, society, guidance, and tutelage that the beneficiaries may have received from the decedent by the beneficiaries as a result of decedent's untimely death.

43. On behalf of the Wrongful Death Act beneficiaries, the Co-Administrators claim damages for the full measure of damages allowed under the Wrongful Death Act of Pennsylvania and the decisional law interpreting said Act.

44. Plaintiff Valeria Corbin, Administrator of the Estate of Joshua Patterson, are entitled to bring this action on behalf of the Estate of Patterson under and by virtue of the Survival Act, 42 Pa.C.S. §8302, and the applicable Rules of Civil Procedure and the decisional law interpreting

8

said Act, which provide for the survivability of causes of action.

45. As a result of the conduct of all Defendants, set forth herein, Joshua Patterson was caused grave injuries and death, resulting in the entitlement to damages by his Estate under the Survival Act.

46. As a result of the death of Joshua Patterson, his Estate has been deprived of the economic value of his life expectancy, and Plaintiff's claim under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of his decedent's death, including all loss of income, earnings, retirement income, benefits and Social Security income.

47. The administrator further claims, under the Survival Act, the total amount that the decedent would have earned in the future, minus the costs of personal maintenance.

48. The administrator further claims, under the Survival Act, damages for the conscious pain and suffering endured by the decedent prior to his death, including physical pain and suffering, and mental pain and suffering leading to the decedent's death.

49. The administrator further claims, under the Survival Act all damages recoverable pursuant to 42 Pa.C.S. §8302, and the decisional law interpreting said Act.

## COUNT I:
## FAILURE TO PROTECT FROM ILLICIT DRUGS
## FOURTEENTH AND EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983

50. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

51. At all times relevant, the decedent was incarcerated at the Bucks County Prison and because she was in their custody, the defendants had a duty to protect him from known serious risks to his health and safety.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

52. Defendants knew the decedent was vulnerable to overdose or injury due to his previous narcotics usage.

53. Defendants knew there was a pervasive drug smuggling problem at the Bucks County Prison.

54. Defendants knew of the risks and harm associated with dangerous illegal drugs.

55. Defendants ignored their knowledge and did not do anything to curb the introduction, spread, and usage of dangerous drugs in prison, despite their direct knowledge from prisoners regarding drugs in the prison.

56. Defendants' refusal to act constitutes deliberate indifference to the decedent.

57. Defendants' actions and inactions constitute a violation of Plaintiff's rights under 42 U.S.C. § 1983 and under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment, which resulted in injury and death.

58. Defendants' mistreatment and failure to protect the decedent were objectively serious, and the defendants subjectively ignored the risk to the inmate's safety.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Bucks County, delay damages, attorneys fees, and allowable costs of suit and brings this action to recover same.

**COUNT II:**
**SUPERVISOR LIABILITY – FOURTEENTH AMENDMENT and EIGHTH AMENDMENT– PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. ALL INDIVIDUAL DEFENDANTS**

59. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

60. Defendants were deliberately indifferent to the needs of pretrial detainees and prisoners being held at the Bucks County Prison.

61. Upon information and belief, Defendants knew that certain policies and customs posed a grave danger to pretrial detainees and prisoners detained in the Bucks County Correctional Facility, including the decedent.

62. Defendants maintained a policy of staffing an insufficient staff at the Bucks County Prison.

63. Defendants did not properly monitor the county prison for rampant drug distribution and use at the county prison.

64. The policy, procedures, and standards providing safety from dangerous narcotics were defective and therefore failed the decedent, ultimately causing his death.

65. In spite of such knowledge, Defendants did nothing to implement corrective policy or correct custom, which Defendants knew posed a serious danger to inmates and pretrial detainees, including the decedent.

66. The Defendants were deliberately indifferent to the well-being of the inmates detained in the correctional facility, including the decedent.

67. Defendants knew of their supervisory failures and knew that inmates detained were not receiving adequate treatment but deliberately failed to correct the problem.

68. Defendants were aware of a substantial risk that detained inmates would not receive proper medical care.

69. Defendants were deliberately indifferent to the consequences of their established policies and customs.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

70. Defendants' establishment and maintenance of the above-mentioned policies and customs directly caused the decedent to be deprived of his Constitutional rights.

71. As a direct and proximate result of the Defendants' deliberate indifference, the decedent suffered immense physical pain, humiliation, fear, physical injuries, and death. Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

72. Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which she has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Bucks County, delay damages, interest, attorneys fees, and allowable costs of suit and brings this action to recover same.

**COUNT III:**
**MUNICIPAL LIABILITY**
**FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. BUCKS COUNTY**

73. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

74. Defendant Bucks County, promulgated and maintained policies and customs, as pled at length above, which were the moving force that caused the decedent's constitutional and statutory rights to be violated.

75. Defendant Bucks County failed to adhere to protocol in detecting and safeguarding inmates from rampant narcotics distribution and use in their county correctional facility.

76. Defendant Bucks County maintained a policy of not sufficiently staffing the correctional

facility to ensure the safety of the inmates.

77.  Defendant Bucks County failed to maintain a policy of adequately screen inmates upon intake to prevent the inmates from bringing narcotics into the county correctional facility.

78.  Defendant Bucks County failed to maintain a policy of adequately searching inmate cells to prevent the inmates from distributing and using narcotics in the in the county correctional facility.

79.  Defendant Bucks County failed to maintain a properly secured restrictive housing unit.

80.  All of the pled policies and customs were implemented before, during, and after decedent's detention at the Bucks County Correctional Facility.

81.  Defendant knew of the dangers posed by these policies and customs.

82.  Specifically, Defendant Bucks County was fully aware prior to the time period of the decedent's incarceration of the serious and extreme danger posed by not properly preventing narcotics from being distributed and used within their prison.

83.  Despite this prior knowledge, Defendant Bucks County, took no steps to enact proper policies to remedy the problematic policies and customs.

84.  Had Defendant Bucks County properly promulgated appropriate protocol, custom, or adequately trained and/or supervised the correctional staff, the decedent would have been safe, and not have died under their supervision.

85.  Defendant Bucks County was deliberately indifferent to the constitutional rights of the decedent.

86.  Defendant Bucks County's policies and customs were a direct and proximate cause of Plaintiff's injuries and damages.

87. As a direct and proximate result of Defendant Bucks County, policies and customs, the decedent suffered immense physical pain, humiliation, fear, physical injuries and death. Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support and guidance.

88. Plaintiff also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages against all defendants except Bucks County, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## COUNT IV:
## WRONGFUL DEATH (PENNSYLVANIA LAW)
## PLAINTIFF v. ALL INDIVIDUAL DEFENDANTS

89. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

90. Plaintiff brings the action on behalf of the beneficiaries under and by virtue of the Wrongful Death Act, 42 Pa.C.S.A. § 8301, and the Applicable Rules of Civil Procedure.

91. The decedent is survived by beneficiaries under the Wrongful Death Act.

92. As a result of the conduct of Defendants, as set forth herein, the deceased, was caused grave injuries and death resulting in the entitlement to damages by the beneficiaries under the wrongful Death Act.

93. Plaintiff claims all expenses recoverable under the Wrongful Death Act, including but not limited to damages for medical, funeral, and burial expenses and expenses of administration

necessitated by reason of the injuries causing the decedent's death.

94. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for services provided which could have been expected to have been performed in the future.

95. On behalf of the Wrongful Death Act Beneficiaries, the Administrator claims damages for all pecuniary loss suffered by the beneficiaries.

96. On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for all loss of comfort, society, guidance, and tutelage that the beneficiaries may have received from the decedent by the beneficiaries as a result of decedent's untimely death.

97. On behalf of the Wrongful Death beneficiaries, the Administrator claims damages for the full measure of damages, including punitive damages, allowed under the Wrongful Death Act of Pennsylvania and the decisional law interpreting said Act.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## COUNT V:
## SURVIVAL ACTION (PENNSYLVANIA LAW) –
## PLAINTIFF v. ALL INDIVIDUAL DEFENDANTS

98. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

99. Plaintiff brings this Survival Action under and by virtue of 42 Pa.C.S. §8302, and the applicable Rules of Civil Procedure and the decisional law interpreting the Act.

100. As a result of the negligence of all Defendants set forth herein, the decedent, was caused grave injuries and death, resulting in the entitlement to damages by her Estate under the Survival

Act.

101.    As a result of the decedent's death, the Estate has been deprived of the economic value of his life expectancy, and Plaintiff claims under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of her decedent's death, including all loss of income, earnings, retirement income, benefits and Social Security income.

102.    The Administrator further claims, under the Survival Act, the total amount that the decedent would have earned in the future, minus the costs of personal maintenance.

103.    The Administrator further claims, under the Survival Act, damages for the conscious pain and suffering endured by decedent prior to death, including physical pain and suffering, and mental pain and suffering leading to decedent's death.

104.    The Administrator further claims, under the Survival Act all damages, including punitive damages, recoverable pursuant to 42 Pa.C.S. § 8302, and the decisional law interpreting said Act.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

RESPECTFULLY SUBMITTED,

July 21, 2023                                              /s/Brian Zeiger
DATE                                                       BRIAN ZEIGER
                                                           IDENTIFICATION NO.: 87063
                                                           LEVIN & ZEIGER, LLP

16

TWO PENN CENTER
1500 JFK BLVD STE 620
PHILADELPHIA, PA 19102
215.546.0340
zeiger@levinzeiger.com